J-A31039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KAITLYN CHRISTINE CANOY, | |
| Appellant | No. 884 MDA 2015 |

Appeal from the Judgment of Sentence April 23, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0002460-2013

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED JANUARY 05, 2016**

Appellant, Kaitlyn Christine Canoy, appeals from the judgment of sentence entered on April 23, 2015, following the revocation of her probation.  On appeal, Appellant challenges the discretionary aspects of her sentence.   For the reasons discussed below, we affirm the judgment of sentence.

We take the underlying facts and procedural history in the matter from the trial court's July 20, 2015 opinion and our independent review of the certified record.

On April 10, 2014, Appellant pleaded guilty to charges of retail theft and theft by unlawful taking.  The charges arose from Appellant's theft of

_____

[*] Retired Senior Judge assigned to the Superior Court.

items from Kohl's Department Store on three occasions between August and November 2012, and the theft of prescription narcotics from her grandmother. (*See* Trial Court Opinion, 7/20/15, at 2). The trial court sentenced Appellant to a term of twelve months' county probation.

On February 5, 2015, the trial court revoked Appellant's probation based upon her positive drug test and failure to conform to the rules of probation. (*See* N.T. Revocation Hearing, 2/05/15, at 2-6). The trial court sentenced Appellant to nine months' intermediate punishment (IP), with the first four months to be served on work release. (*See* Trial Ct. Op., at 1).

On April 23, 2015, a second revocation hearing took place after Appellant was found in possession of stolen property. (*See* N.T. Revocation Hearing, 4/23/15, at 2-3). The trial court sentenced Appellant to thirty-six months' IP, with the first six months restricted to the Dauphin County Prison. (*See* Trial Ct. Op., at 1).

On May 4, 2015, Appellant filed a post-sentence motion, which the trial court denied on May 8, 2015. The instant, timely appeal followed. On May 21, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant timely filed her Rule 1925(b) statement on May 26, 2015. On July 20, 2015, the trial court filed an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review:

> Whether the trial court erred in denying Appellant's [p]ost-[s]entence [m]otion where her sentence was excessive and

unreasonable and constitutes too severe a punishment in light of the alleged gravity of the offense, Appellant's rehabilitative needs, and what is needed to protect the public?

(Appellant's Brief, at 5).

On appeal, Appellant challenges the discretionary aspects of her sentence.[1]  In **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), an *en banc* panel of this Court held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges."  **Cartrette**, **supra** at 1034.  Thus, Appellant's claim is properly before us.

The right to appeal the discretionary aspects of a sentence is not absolute.  **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004).  When an appellant challenges the discretionary aspects of the sentence imposed, she must present "a substantial question as to the appropriateness of the sentence[.]" **Commonwealth v. Anderson**, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted).  An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary

---

[1] We note that Appellant preserved her discretionary aspects of sentence claim by filing a timely post-sentence motion for reconsideration of sentence. **See McAfee**, *infra* at 275.

to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we determine whether a substantial question exists. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (emphases in original).

Here, Appellant has included a Rule 2119(f) statement in her brief. (*See* Appellant's Brief, at 8-9). In it, Appellant argues that the sentence was excessive and unreasonable and constitutes too severe a punishment because her grandmother is in failing health and her father has heart troubles. (*See id.* at 9). This claim raises a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 339-40 (Pa. Super. 2015).

> [T]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. . . . Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that [s]he will commit another crime if [s]he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court.

*Commonwealth v. Edwards*, 71 A.3d 323, 327 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citations omitted).

Here, as discussed above, this was Appellant's second revocation of probation. Further, Appellant's suspension from the work release program was for the same type of theft activity that led to her underlying conviction. (*See* N.T. Revocation Hearing, 4/23/15, at 3-5). Thus, Appellant has twice demonstrated her inability to conform to the requirements of probation and IP. (*See* Trial Ct. Op., at 3-4). Moreover, Appellant's assertion that various members of her family were in poor health is completely irrelevant to the question of her rehabilitative needs. Lastly, Appellant's sentence was well within the statutory limits.[2] (*See id.*). Thus, the record amply supports Appellant's sentence of IP with the first six months restricted to the Dauphin County Prison, and her claim that the sentence was unreasonable is frivolous. *See Edwards*, *supra* at 327.

Further, even if this were not the case, Appellant's argument consists of boiler-plate citation to case law and a single paragraph argument that simply reiterates her claim at the revocation hearing regarding the poor health of her grandmother and father and concludes with the statement that the trial court erred in denying her motion for modification. (*See* Appellant's

---

[2] We note that the sentencing guidelines do not apply to sentences imposed following a revocation of probation. *See Commonwealth v. Williams*, 69 A.3d 735, 741 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014) (citation omitted).

Brief, at 10-12). It is settled that "we do not accept bald assertions of sentencing errors. Rather, Appellant must support [her] assertions by articulating the way in which the court's actions violated the sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006) (citation omitted). Appellant failed to do so. (***See*** Appellant's Brief, at 10-12). Appellant's issue does not merit relief. ***See Malovich***, ***supra*** at 1252.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/5/2016</u>